UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EKLECCO NEWCO, LLC,

                               Plaintiff,

    -v.-                                         5:08-CV-00861
                                                          (NPM/GHL)

GLORIA JEAN'S GOURMET
COFFEES CORP. d/b/a "GLORIA
JEAN'S COFFEES,"

                               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Young, Summer, LLC | J. Michael Naughton |
| Executive Woods | |
| Five Palisades Drive | |
| Albany, New York 12205 | |
| | |
| FOR THE DEFENDANT: | |
| Sassani & Schenck, P.C. | Kathleen C. Sassani |
| Allegiance House | |
| 7767 Oswego Road | |
| Liverpool, New York 13090 | |
| | |
| Cheng, Cohen Law Firm | Danielle M. Kays, pro hac vice |
| 1101 West Fulton Market | Fredric A. Cohen, pro hac vice |
| Suite 200 | |
| Chicago, Illinois 60607 | |

Neal P. McCurn, Senior District Judge

## *MEMORANDUM-DECISION and ORDER*

### *I.  Introduction*

The sole issue presently before the court is whether a forum selection clause agreed to by the parties here requires that this diversity action be remanded to Supreme Court of the State of New York, County of Onondaga.  Plaintiff, Eklecco Newco, LLC ("Eklecco") originally commenced this action against defendant, Gloria Jean's Gourmet Coffees Corp. d/b/a "Gloria Jean's Coffees" ("Gloria Jean's") alleging various causes of action stemming from the alleged breach of a lease agreement.  Gloria Jean's timely removed the action to this court, and Eklecco timely filed a motion for remand.  See 28 U.S.C. §§ 1446(b); 1447(c). Gloria Jean's opposes the motion, and Eklecco replies.  Decision on the pending motion is based on the papers submitted without oral argument.

### *II.  Background*

Eklecco and Gloria Jean's entered into a ten-year lease agreement ("the Lease") whereby Gloria Jean's would lease retail space in a Rockland County, New York shopping center owned by Eklecco.  Gloria Jean's ceased its business operations and thereafter stopped making rental payments to Eklecco prior to the expiration of the Lease.  Eklecco notified Gloria Jean's of its default, and eventually, after Gloria Jean's failed to cure its default, Eklecco terminated the Lease and commenced legal action against Gloria Jean's in Supreme Court of the State of New York, County of Onondaga.  Gloria Jean's thereafter removed the action to this court.

The Lease provides that "any dispute concerning an interpretation of any portion of the Lease or the conduct of the parties hereunder shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located." §

23.14 at p. 32 of Ex. A to Aff. of Elizabeth A. Macie, Aug. 1, 2008, Dkt. No. 4.

### *III. Discussion*

The court is mindful that when deciding the pending motion for remand, it is the removing party, here Gloria Jean's, that bears the burden of demonstrating that removal was proper.  See Felipe v. Target Corp., 572 F.Supp.2d 455, 458 (S.D.N.Y. 2008) (citation omitted).  In support of its motion, Eklecco argues that remand is appropriate here because the mandatory forum selection clause and venue provision of the Lease requires that any action be commenced in Syracuse, New York.  In opposing the pending motion, Gloria Jean's argues that removal to this court is consistent with the terms of the forum selection clause.

A forum selection clause is "prima facie valid," Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (quoting M/S Bremen v. Zappata Off-Shore Co., 407 U.S.1, 10, 92 S.Ct. 1907 (1972)), and will be enforced so long as it was "reasonably communicated to the party resisting enforcement; . . . mandatory and not merely permissive; and . . . the claims and parties involved in the suit are subject to the forum selection clause," Altvater Gessler-J.A. Baczewski International (USA) Inc. v. Sobieski Destylarnia S.A., — F.3d —, 2009 WL 2004251, at *2 (2d Cir. 2009).  Here, to be sure, the parties do not dispute that the forum selection clause should be enforced.  Moreover, it is clear that the Lease was agreed to by both parties and the forum selection clause employs obligatory language which clearly applies to the parties and the claims at issue here.  Accordingly, the forum selection clause is enforceable.  See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc., 22 F.3d 51, 53 (2d Cir. 1994) (A forum selection clause will be enforced "if mandatory venue-language is

3

employed[.]"); Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007) ("A forum selection clause is viewed as mandatory when it . . . incorporates obligatory venue language.").

The crux of the dispute presently before the court is whether the language of the forum selection clause here, to wit, that "any dispute . . . shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located" requires that this action be brought in state court in Onondaga County, as Eklecco argues, or permits the action to be brought in the United States District Court for the Northern District of New York, which has a courthouse in Syracuse, New York, as Gloria Jean's contends.

Eklecco relies in large part on General Electric Company v. Southwest Silicone Company, No. 90-CV-1240, 1991 WL 16022 (N.D.N.Y. Feb. 5, 1991), wherein the court granted a motion to remand based upon language in a binding forum selection clause which provided that "exclusive venue . . . shall be Saratoga County, New York." Id., at *2, 5.  For its part, Gloria Jean's argues that it did not waive federal jurisdiction when it executed the Lease with Eklecco and where, as here, parties agree to venue in a specific city, the forum selection clause allows legal action to be brought in either federal or state court.  In support of its argument, Gloria Jean's relies in part on Yakin v. Tyler Hill Camp, Inc., No. 07-CV-2444, 2007 WL 3353729 (E.D.N.Y. Nov. 6, 2007) (aff'd, 566 F.3d 72 (2d Cir. 2009)) wherein the district court noted "the fact that the [forum selection clause] does not specify federal or state court does not make it invalid, but rather allows suit to be brought in either court." Id., at *2.

In Yakin, the parties' agreement was in the form of an application, drafted

4

by the defendant and submitted by the plaintiff, which included the following forum selection clause:

> It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which [defendant], or its agents, is a party shall be in Nassau County, New York.

Yakin, 566 F.3d at 74.  At the time the application was submitted, there was a federal courthouse located in Nassau County.  See id.

The district court in Yakin recognized that the terms of a forum selection clause may act as a waiver of defendant's right to remove an action to federal court, but that "such a waiver must be clear and unequivocal[.]" Yakin, 2007 WL 3353729, at *2 (citation omitted).  The district court also recognized the principle of contract interpretation requiring any contract ambiguity to be construed against the drafter.  See id.  Because the district court concluded that the forum selection clause at issue was ambiguous as to the parties' intent regarding jurisdiction, and accordingly construed said ambiguity against the defendant, it ultimately granted the plaintiff's motion to remand.  See id., at *2-3.

On appeal, the Court of Appeals for the Second Circuit affirmed the district court's decision to grant plaintiff's motion to remove, but did so for a different reason.  The Second Circuit held that the forum selection clause was not ambiguous and that a reasonable person reviewing the language in said clause "would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that county." Yakin, 566 F.3d at 76.  The court went on to note that because the forum selection clause there contained only obligatory venue language and was silent as to the parties' intent

5

regarding jurisdiction, remand was appropriate.  See id.  However, the court clearly stated that "[h]ad there been a federal court located in Nassau County at the time of this litigation, remand would have been improper."  Id.

Here, as in Yakin, the forum selection clause is silent as to the parties' intent regarding federal or state jurisdiction, and merely contains the obligatory venue language that "any dispute . . . shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located." However, unlike the facts underlying the Second Circuit's decision in Yakin, here there is a federal courthouse located in Syracuse, New York.[1]  As such, remand here would be improper.  Accordingly, plaintiff's motion for remand is denied.

## IV.   *Conclusion*

In accordance with the foregoing analysis it is ORDERED that the motion for remand by plaintiff,  Eklecco Newco, LLC, see Dkt. No. 4, is DENIED.

IT IS SO ORDERED.

DATED:   July17, 2009
         Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge

---

[1] While the General Electric case cited by plaintiff in support of its motion is persuasive authority, it is distinguishable from the facts of this case in that the forum selection clause there specified that "exclusive venue . . . shall be Saratoga County, New York" as opposed to the language here requiring venue "in" alternative locations.  See General Electric, 1991 WL 16022 at *2.  While the Second Circuit's language in Yakin that remand "would have been improper" had there been a federal courthouse in Nassau County is likely dicta, this court deems it binding authority, especially considering the similarities between the facts underlying Yakin and the facts of this case.  See Yakin, 566 F.3d at 76.

7